**In the Matter of Cletus H. BRAULT, Jr.**

**No. 881S213.**

Supreme Court of Indiana.

Aug. 20, 1981.

Sheldon A. Breskow, Indianapolis, for appellant.

Ellen S. Podgor, David H. Nicholls, Crown Point, for appellee.

GIVAN, Chief Justice.

ORDER APPROVING CONDITIONAL AGREEMENT AND IMPOSING SUSPENSION FOR A PERIOD OF 30 DAYS

The Disciplinary Commission of the Indiana Supreme Court and Cletus H. Brault, Jr., Respondent herein, have tendered to this Court a "Statement of Circumstances and Conditional Agreement for Discipline" which agreement more fully appears in words and figures as follows, to-wit:

(H. I.)

And this Court, being duly advised, now finds that Cletus H. Brault, Jr., a member of the Bar of this State, failed to file his federal income tax return for the calender year 1976, in violation of Section 7203, Internal Revenue Code, Title 26 of the United States Code. Respondent plead guilty to this crime and was convicted on March 4, 1981, by the United States District Court, Northern District of Indiana, Hammond Division.

In light of the foregoing facts we conclude that Respondent engaged in illegal conduct involving moral turpitude and in conduct that adversely reflects on his fitness to practice law in violation of Disciplinary Rule 1–102(A)(3) and (6) of the *Code of Professional Responsibility.*

This Court finds further that Respondent has met the requirements of Admission and Discipline Rule 23, Section 17(a), by tendering the requisite affidavit. Accordingly, we find that the agreed discipline, a suspension from the practice of law for a period of thirty (30) days is appropriate under these circumstances.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Conditional Agreement for Discipline tendered in this cause is now accepted and approved. In accordance therewith, the Respondent, Cletus H. Brault, Jr., is suspended from the Indiana Bar for a period of thirty (30) days beginning September 1, 1981.

IT IS FURTHER ORDERED that the Clerk of this Court shall forward copies of this Order to the parties in this cause and to their attorneys.

Costs of this proceeding are assessed against the Respondent.

All Justices concur.